UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:05-CR-59-R

UNITED STATES OF AMERICA,                                                                    PLAINTIFF

v.

BYRON KEITH PERKINS,                                                                         DEFENDANT

## OPINION AND ORDER

This matter comes before the Court on Defendant Byron Perkins's Motion to Dismiss Indictment for Violation of Speedy Trial Act (Docket #90). The government has filed a response (Docket #91). Defendant has filed a reply (Docket #92). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Defendant Byron Perkins was arrested on a criminal complaint on April 14, 2005. A federal grand jury subsequently returned two indictments against Defendant. On May 2, 2005, Defendant was indicted for possessing marijuana with the intent to distribute, being a felon in possession of a firearm and using or carrying a firearm in furtherance of a drug trafficking offense. On July 6, 2005, a grand jury returned a superceding indictment, adding charges of robbery and using or carrying a firearm in furtherance of a drug trafficking offense. On November 18, 2005, Defendant entered into a plea agreement with the government. Defendant agreed to plead guilty to Counts 1, 2, 4, and 5 of the superceding indictment.

Around the time Defendant entered his guilty plea, Defendant's son was in need of a kidney transplant. On January 23, 2006, Defendant was released from custody to undergo testing to see if he would be a compatible kidney donor. The order releasing Defendant required him to surrender

himself to the Marshal Service on January 24, 2006, no later than 4:30 p.m. Defendant did not turn himself into the Marshal Service, and disappeared for over a year.

On April 25, 2007, Defendant was found and arrested in Puerto Vallarta, Mexico. On May 15, 2007, Defendant stated that he wished to secure private counsel. On May 29, 2007, Patrick Renn was appointed to represent Defendant. Defendant moved to withdraw his guilty plea on July 23, 2007.

The Court set a hearing on Defendant's motion on September 4, 2007. The Court granted Defendant several continuances on the hearing, which was ultimately held on April 30, 2008. A second hearing was held on May 15, 2008, to allow Defendant to play certain audio recordings to the Court. The Court then allowed additional briefing on the issue, and allowed Defendant to submit the audio recordings into evidence.

The record was complete on September 4, 2008, and Defendant's motion ready for adjudication. The Court then reviewed the transcripts, and carefully considered Defendant's evidence and arguments concerning the withdrawal of his guilty plea. The Court denied Defendant's motion on January 15, 2009. Defendant's sentencing is set for May 28, 2009.

On February 4, 2009, Defendant filed a motion to dismiss. Defendant argues the indictment against him should be dismissed because his rights under the Fifth Amendment, Sixth Amendment, and the Speedy Trial Act have been violated.

## DISCUSSION

Defendant first argues that his indictment must be dismissed under the Speedy Trial Act. 18 U.S.C. § 3161. The plain language of the Speedy Trial Act demonstrates that it is inapplicable to the current situation. Under the Speedy Trial Act, in any case in which a plea of not guilty is

entered, the trial of a defendant must commence within seventy days from the time of his indictment or the date he first appears in court, whichever date occurs last. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act is only applicable when a plea of not guilty is entered. However, when Defendant pled guilty on November 18, 2005, this case was no longer one in which a plea of not guilty is entered.

Under 18 U.S.C. 3161(i), it is not until after the guilty plea is withdrawn that a defendant again becomes covered by the Speedy Trial Act. Even then, the speedy trial "clock" is reset to the day the order permitting withdrawal of the plea becomes final. Because the Court denied Defendant's request to withdraw his guilty plea, the Speedy Trial Act does not apply.

Defendant next argues that his indictment must be dismissed because his Sixth Amendment rights were violated due to unreasonable delay in the determination of his motion to withdraw his guilty plea. The Six Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Defendant has offered no legal authority for his argument that the Sixth Amendment speedy trial protection applies to motions to withdraw a guilty plea. However, the Sixth Circuit has held that a sentencing is part of a trial for the purposes of Sixth Amendment speedy trial protection. *United States v. Reese*, 568 F.2d 1246, 1253 (6th Cir. 1977). Therefore, the Court will analyze Defendant's claim that his Sixth Amendment rights have been violated based on the delay between Defendant's change of plea on November 18, 2005, and his sentencing scheduled for May 28, 2009.

In *Barker v. Wingo*, the Supreme Court established a balancing test for courts to use in deciding if a defendant's speedy trial right has been violated. 407 U.S. 514, 530 (1972). Courts were given four factors to consider: length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* "None of these factors alone is enough to establish

a violation and the court is to conduct a balancing analysis that considers each of these factors along with such other circumstances that may be relevant." *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007).

The delay in this case from November 18, 2005, until May 28, 2009, is certainly a lengthy delay. However, almost all of the delay is attributable to Defendant. The first delay involved the Court allowing Defendant time to undergo testing to aid his son. The sentencing was delayed over a year when Defendant disappeared to Puerto Vallarta, Mexico. Additional delays occurred when Defendant changed attorneys, and when Defendant filed his motion to withdraw his guilty plea. The Court's decision on the motion was delayed when Defendant requested several continuances to the hearing date. Finally, Defendant received additional time to submit supplemental briefing materials, and to admit additional evidence into the record. The additional evidence and arguments required further consideration from the Court, which caused the issuance of the Court's order denying Defendant's motion to be further delayed.

As for the other factors, the Court does not find any prejudice to Defendant from the delay, nor has Defendant claimed any specific prejudice. Finally, Defendant has not previously asserted his right to an earlier sentencing, noting in his motion to dismiss that a defendant is under no duty to bring himself to trial or to bring any delay to the Court's attention. Because the delay in Defendant's sentencing is attributable almost entirely to Defendant's actions, the Court finds Defendant's claim that his Sixth Amendment rights were violated to be without merit. Further, while the Court took a little longer than normal to rule on the motion to withdraw Defendant's guilty plea after it became ripe, this certainly did not prejudice Defendant. The matter had been extensively briefed. There had been two hearings. There were several transcripts and audio

recordings for the Court to review.  The Court felt this time was necessary to perform a full and fair review of the issues.

Defendant's final argument is that his rights under the Fifth Amendment Due Process Clause have been violated.  However, Defendant cites no legal authority for how the Fifth Amendment is applicable to the current case.  Defendant does note that a violation of the Fifth Amendment occurs when there is a delay in concluding a defendant's criminal charges, and that typically the Due Process Clause applies to delays that occur prior to formal charges being filed.

Even assuming that delays such as this are analyzed under the Fifth Amendment rather than the above Sixth Amendment speedy trial analysis, Defendant would still not be entitled to relief.

"[P]roof of actual prejudice makes a due process claim concrete and ripe for adjudication." *United States v. Lovasco*, 431 U.S. 783, 790 (1977).  In this case, Defendant has offered no proof of actual prejudice, and the Court finds that Defendant was not prejudiced by the delay in the Court's ruling on Defendant's motion.  Without actual prejudice, Defendant cannot make a legitimate due process claim.  *United States v. Brown*, 498 F.3d 523, (6th Cir. 2007) ("both conditions (improper reasons for delay and prejudice) are necessary for a due-process violation").

Even if Defendant satisfied the first element, the Court would also examine the reason for the delay.  In this case, most of the delay between the filing of the motion and the Court's ruling was caused by Defendant's requests to continue the hearing.  Additional delay was caused when the Court allowed Defendant to submit a post-hearing brief and granted Defendant's request to submit additional evidence.  The four-month delay from September 4, 2008, to January 15, 2009, in which the Court reviewed the evidence and fully considered Defendant's arguments is not the sort of improper delay which would justify a due process claim.  *See Reese*, 568 F.3d at 1253 ("The judge

was entitled to time to research the issues raised and write an opinion.").

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment for Violation of Speedy Trial Act is DENIED.