UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:05-CR-59-R

UNITED STATES OF AMERICA,                                        PLAINTIFF

v.

BYRON KEITH PERKINS,                                              DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Byron Perkins's Motion to Set Aside Plea of Guilty (Docket #97) and the Government's Motion for Leave to Dismiss Count 2 of the Superceding Indictment (Docket #102). Both parties have responded to the other party's motion and have replied. This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED, and the Government's motion is GRANTED.

## BACKGROUND

On November 11, 2006, Defendant Byron Perkins pled guilty to four counts of a five-count Indictment. During the change of plea hearing, Defendant was notified that he faced a mandatory minimum sentence of 25-years imprisonment. The mandatary minimum sentence stems from Count 5 of the Indictment, which charged Defendant with possessing a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Under § 924(c), Defendant's mandatory minimum sentence of 25 years must run consecutively to any sentence imposed as to the other counts.

Two weeks before Defendant's sentencing hearing scheduled for May 28, 2009, Defendant filed a motion to set aside his guilty plea. Defendant argues that he was not advised of the mandatory minimum penalty he faced during his change of plea hearing as required by Federal Rule

of Criminal Procedure 11.

Count 2 of the Indictment charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Pursuant to the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e), when a felon who possesses a firearm in violation § 922(g) has three previous convictions for violent and/or drug felonies, he faces a sentencing enhancement which increases the mandatory minimum penalty for a violation of § 922(g) to 15-years imprisonment. Based on Defendant's presentence report, it appears that Defendant qualifies for the sentencing enhancement. A mandatory minimum sentence of 15 years, combined with the mandatory minimum sentence of 25 years for Count 5, results in a mandatory minimum sentence of 40 years. As mentioned previously, Defendant was notified that he faced a mandatory minimum sentence of 25 years, not 40 years.

The Government initially argued that the plea agreement did not contemplate the application of the ACCA to this case, and therefore the ACCA sentencing enhancement should not be applied. Because Defendant's motion was not filed until May 13, 2009, and the Government did not respond until May 22, 2009, Defendant did not have an opportunity to reply to this argument before the scheduled sentencing hearing.

Based on Defendant's previous assertion of his speedy trial rights, the Court desired to resolve this issue expeditiously. Therefore, the Court conducted its own research into whether the ACCA was discretionary. At the sentencing hearing, the Court informed the parties that it was troubled by the idea of ignoring the ACCA, and gave the parties some case law supporting the Court's preliminary finding that the ACCA was mandatory and must be imposed if a defendant qualifies. The Court also stated that this issue might be resolved if Count 2 of the Indictment were

2

dismissed.

Defendant then filed a reply to his motion, agreeing with the Court's preliminary determination that it cannot ignore the express provisions of the ACCA. On June 9, 2009, the Government filed a motion seeking leave to dismiss Count 2 of the Indictment. As grounds for the motion, the Government argued that dismissal of Count 2 would give full effect to the plea agreement and allow both parties to have the benefit of the bargain.

The Government's motion to dismiss was inadvertently granted by the Court due to an administrative error. Defendant promptly objected, and the order was subsequently vacated. In addition to opposing the dismissal of Count 2, Defendant also requests that the Court recuse itself from further proceedings in this case. This argument is based on the Court's granting of the Government's motion, as well as the Court's comment concerning dismissal of Count 2.

## DISCUSSION

There are three issues currently before the Court. First, the Court must examine Defendant's claim that Rule 11 was violated when he was not informed of the mandatory minimum sentence of Count 2. Second, the Court must decide whether to grant the Government leave to dismiss Count 2. Finally, the Court must address Defendant's recusal request.

Rule 11(b)(1)(I) requires that a defendant be informed of any mandatory minimum penalty he faces before the Court accepts a guilty plea. Fed. R. Crim. P. 11(b)(1)(I). Rule 11(h) states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 11(h). It is undisputed that Defendant was not informed of a possible mandatory minimum sentence of 15 years as to Count 2. Defendant argues that this error is not harmless because he did not know at the time he pled guilty that the Court would have no

discretion in imposing a 15 year sentence for Count 2 running consecutively to a 25 year sentence for Count 5, for a total minimum sentence of 40 years.

In response, the Government requests leave to dismiss Count 2.   Under the common law, a prosecutor had unlimited authority to take such an action.  *United States v. Gonzalez*, 58 F.3d 459, 460 (9th Cir. 1995).   However, Federal Rule of Criminal Procedure 48(a) conditions the government's right to dismiss upon obtaining "leave of court."  Fed. R. Crim. P. 48(a).

Defendant concedes that Rule 48 permits the Government to dismiss Count 2 with leave of the Court.  "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the government moves to dismiss an indictment over the Defendant's objection."  *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).  "Thus, when a defendant contests a Rule 48(a) motion, a court may, when circumstances warrant, exercise it discretion to protect the defendant."  *Gonzalez*, 58 F.3d at 461.  Subject to these limitations, "the Executive remains . . . the first and presumptively best judge of whether a pending prosecution should be terminated."  *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975).

Defendant argues that leave to dismiss Count 2 should be denied because the Government requests dismissal without prejudice.  Defendant is concerned that dismissal without prejudice would leave him in jeopardy of being reindicted at a later date and that he would again face an additional 15 year minimum sentence.  This could be the sort of harassment that the "leave of court" requirement is designed to prevent.  However, there is no indication that the Government intends to refile Count 2 at a later date.  On the contrary, the record before the Court demonstrates that the Government intends the current proceedings to bring finality to the charges contained in the

4

Superceding Indictment.

The Government also notes that the plea agreement would protect Defendant from prosecution for offenses covered in the plea agreement, including Count 2 conduct. It argues that dismissal without prejudice is also appropriate because if Defendant is subsequently allowed to withdraw his guilty plea, dismissal without prejudice would allow both parties to be restored to the pre-guilty plea status quo. The Court does not doubt the good faith of the prosecutor's representation that the plea bargain shall be followed and that Defendant will not be reindicted.

However, the Government's justification for dismissing Count 2 is that dismissal would allow Defendant to be given the benefit of his plea agreement. Consistent with this rationale, the Government has clearly indicated that it will not subject Defendant to reindictment. Despite this, the Court believes that dismissal with prejudice will better serve to guarantee Defendant the benefit of his bargain. Dismissal with prejudice will also protect Defendant from any potential harassment, no matter how small the actual likelihood of reindictment. As such, the Court finds that dismissal with prejudice is warranted. Dismissal with prejudice also resolves Defendant's first objection to the Government's motion for leave to dismiss Count 2.

Next, Defendant argues that leave to dismiss Count 2 should be denied because the Court was improperly involved in the plea bargaining process. Rule 11(c)(1) mandates that the Court should not participate in any discussions between the parties concerning a possible plea agreement. Fed. R. Crim. P. 11(c)(1). The purpose behind the rule is to prevent a defendant from being coerced into accepting a plea agreement fearing that rejection would mean the imposition of a greater sentence after trial. *See United States v. Harris*, 635 F.2d 526, 529 (6th Cir. 1980).

The Court was not involved in the plea bargain process. As Defendant acknowledges, the

plea agreement was arrived at with no judicial involvement.  Defendant instead argues the Court's mentioning of the possibility of dismissing Count 2 was enough to implicate the prohibition contained in Rule 11(c).  However, the purpose behind the prohibition of judicial participation in plea negotiations is to prevent the sentencing court from coercing a defendant into pleading guilty. In this case, no statement made by the Court can be characterized as coercing Defendant into taking any course of action.  It is the finding of the Court that no comment made by the Court during the hearing violated either the literal requirements of Rule 11(c), or the rationale behind the rule.

The Court, after carefully considering Defendant's concerns, finds that the Government should be granted leave to dismiss Count 2.  As noted above, the Government is given substantial deference in its decisions to dismiss any charges against a defendant.  Furthermore, there is nothing in the record that would support a finding that the Government's request for leave to dismiss Count 2 is an attempt to harass Defendant.

With the dismissal of Count 2, the Court finds that the fact that Defendant was not notified of Count 2's mandatory minimum sentence did not affect Defendant's substantial rights. Defendant's concern regarding the mandatory minimum sentence is that he would not have the opportunity to request a below guidelines sentence if he faced a mandatory minimum sentence of 40 years.  With the dismissal of Count 2, Defendant is free to argue for any sentence that satisfies the mandate contained in 18 U.S.C. § 3553(a), subject to the mandatory minimum sentence of 25 years as to Count 5.  The Court finds that any failure in this case to follow the requirements of Rule 11 did not affect Defendant's substantial rights and is harmless under Rule 11(h).  As such, Defendant's motion is denied.

Finally, the Court must address Defendant's recusal request.  Defendant bases his recusal

6

request on his concern that the Court is biased against him.   Defendant specifically mentions the Court's comments during the hearing of May 28, 2009, as well as the Court's inadvertent granting of the Government's motion to dismiss Count 2.

Under the law, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  18 U.S.C. § 455(a).  Disqualification is also required when a judge has personal bias or prejudice concerning a party.  18 U.S.C. § 455.  Normally, a request for recusal should be accompanied by an affidavit setting forth the allegations of bias or prejudice.  18 U.S.C. § 144.  However, even ignoring this requirement, Defendant is still not entitled to recusal.

Under Sixth Circuit precedent, a federal judge must recuse himself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990).  In addition, the prejudice or bias must be personal or extrajudicial in order to justify recusal.  *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

> "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases.   Personal bias arises out of the judge's background and associations.   The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

*Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989).  In this case, Defendant's reasons supporting recusal do not meet this standard.  The facts offered in support of recusal arise from the Court's "participation in the proceedings or in prior contact with related cases." *Id.*  As such, the facts cannot support a demand for recusal.  Nor do the facts support the conclusion that a reasonable person would believe that the Court has a personal bias against Defendant.  *Youn v.*

7

*Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Therefore, Defendant's request for recusal will be denied.

## CONCLUSION

For the above reasons, the Government's motion to dismiss Count 2 is GRANTED, Defendant's motion to set aside his guilty plea is DENIED, and Defendant's request for recusal is DENIED.

Appropriate orders shall follow.