UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUSIVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00394-TBR
CRIMINAL ACTION NO. 3:05-CR-00059-TBR

BYRON PERKINS                                               MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                    RESPONDENT/PLAINTIFF

**Memorandum Opinion**

Defendant Byron Perkins, *pro se*, moved to vacate, set aside, or reconsider his sentence pursuant to 28 U.S.C. § 2255. [DN 147.] Perkins' motion was based upon his argument, then under consideration by the Supreme Court in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886 (2017), that the Sentencing Guidelines' definition of a career offender was void for vagueness. The Supreme Court recently decided *Beckles*, rejecting Perkins' argument. The United States now moves to dismiss Perkins' motion. [DN 160.] Perkins has not responded, and the time for filing a response has passed. For the following reasons, the United States' motion is GRANTED.

**Background**

The facts underlying Defendant's sentence are not relevant to the present motion. What matters is only that Defendant was sentenced as a career offender under § 4B1(1)(a) of the United States Sentencing Guidelines because his offense constituted a "crime of violence" under § 4B1(2)(a)'s residual clause. In 2015, the Supreme Court held that the identically worded residual clause of the Armed

Career Criminal Act, § 924(e)(2)(B) was void because it was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2557 (2015). *Beckles* considers a challenge to the identical portion of the Sentencing Guidelines. The Eleventh Circuit held that § 4B1(2)(a) was not void for vagueness. *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015). The Supreme Court granted Beckles' petition for a writ of certiorari to resolve a split in the circuits on this issue. *Beckles*, 137 S.Ct. at 892.

## Discussion

Statutory provisions fixing sentencing ranges for certain offenses must do so with sufficient clarity. *Id.* (citing *Johnson*, *supra*). However, the United States Sentencing Guidelines do not function to fix permissible sentences to which courts must adhere. Rather, the Guidelines were intended to operate in an advisory capacity to assist judges in selecting, from within a statutory range, the length of a sentence for a guilty defendant. *Id.* Judges may exercise broad discretion in how they select sentences from within the given range. *Id.* at 893 (citing *United States v. Booker*, 543 U.S. 220, 233 (2005). Moreover, before Congress established the Sentencing Commission, federal sentencing was left exclusively to the discretion of the trial court, and no court ever held that such purely discretionary sentencing was unconstitutional. *Id.* Therefore, the Supreme Court concluded that the Sentencing Guidelines as a whole are not amenable to challenges for vagueness. *Id.* at 895.

Defendant has collaterally attacked his sentence on the grounds that his career offender status was the result of an unconstitutionally vague sentencing

2

provision. The Supreme Court has since held that the challenged provision, and indeed the entirety of the Sentencing Guidelines, cannot be challenged for vagueness. Thus, Defendant's claim is rendered meritless, and his motion to vacate must be denied.

### Certificate of Appealability

The final issue is whether a Certificate of Appealability should issue as to the Defendant's claim. Because the Court rejected this claim on the merits, the Defendant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the Supreme Court's ruling in *Beckles*, no reasonable jurist would find it debatable that the Defendant's argument is without merit. As a result, a Certificate of Appealability will not issue for this claim.

\* \* \*

An appropriate order and judgment shall issue.

CC: Counsel of Record
Byron Perkins, *pro se*